## Latta vs. Dodd.

If on appeal from the judgment of a justice of the peace, the appellee recovers any amount, though less than the amount appealed from, the appellant must pay the cost, unless he shall have tendered as much or more than the amount recovered in the Circuit Court—the case of *Hicks vs. Maness,* 19 *Ark.,* 707, overruled as to this point.

*Appeal from Washington Circuit Court.*

Hon. J. M. Wilson, Circuit Judge.

Thomason for appellant.

Mr. Justice Compton delivered the opinion of the court.

Latta recovered judgment against Dodd, before a justice of the peace, for $84 61. On appeal to the Circuit Court, prosecuted by Dodd, and trial *de novo,* Latta recovered judgment for $20 40 only; and the court, thereupon, rendered judgment against Latta for the costs in the Circuit Court.

The only question is, whether the court erred in adjudging costs against Latta.

The ruling of the court below was in accordance with the decision in *Hicks vs. Maness,* 19 *Ark.,* 707. But we concur with the counsel for Latta, that the decision in that case is erroneous, and ought not to be adhered to. The statute provides that, " when an appeal shall be taken from the judgment of the Probate Court, or a justice of the peace, in favor of the appellee, costs shall be adjudged in the following cases: *first,* if, on the trial *de novo,* the appellee shall recover as much or more than the amount of the judgment, or, if judgment be affirmed, the appellant shall pay all the costs; *second,* if the judgment in the

Circuit Court shall be in favor of the appellant, the appellee shall pay the costs of both courts; *third,* if the appellant shall, at any time before his appeal is perfected, tender, and offer to pay to the appellee, any portion of the judgment, which shall not be accepted in satisfaction, and the appellee shall not, in the appellate court, recover more than the amount so tendered and refused, he shall pay the costs of the appellate court; *fourth,* if no such tender shall have been made, and the appellee recover any sum in the appellate court, or if, after such tender and refusal, the appellee shall recover more than the amount tendered, the appellant shall pay the costs in both courts." *Gould's Dig. ch.* 40, *sec.* 26.

Now, if the first clause in the section above quoted, stood alone, the decision in *Hicks vs. Maness* might be sustained; because, from the language there employed, it might be implied that if the appellee recovered *less* than the amount of the judgment appealed from, the appellant should *not* pay all the costs; but then, this implication is repugnant to, and cannot prevail over the spirit as well as the express letter of the third and fourth clauses of the same section. Nor is this construction of the statute likely to work injustice to the appellant in such cases; for, by tendering to the appellee, according to the third clause of the section, the amount really due and recoverable, he can avoid the payment of costs in the appellate court.

Let the judgment be reversed and the cause remanded for further proceedings.

———

By ENGLISH, C. J.—It is frankly to be confessed that Bro. Hanly and myself fell into an error in *Hicks vs. Maness,* by not carefully construing the first clause of the statute in connection with the others.